UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

GEORGE FORD #158819,

        Plaintiff,                    Case No. 2:06-cv-285

v.                                      HON. GORDON J. QUIST

MARK POKLEY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.        Factual allegations

Plaintiff George Ford, an inmate at the Earnest C. Brooks Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Mark Pokley, who was employed as a Case Manager at the Marquette Branch Prison during the pertinent time period. Plaintiff alleges that on April 24, 2005, he made a written request to Defendant for a tobacco free housing unit. On April 28, 2005, Plaintiff signed a tobacco free housing application. Defendant told Plaintiff that cell numbers 1 through 7 were designated as non-smoking cells, and that cell numbers 8 and higher were smoking cells. On April 29, 2005, Plaintiff was scheduled to move into cell number 9. However, because Plaintiff knew that it was a smoking cell, he refused to move. Therefore, Plaintiff continued to be exposed to the same second-hand tobacco smoke that he complained of initially.

Plaintiff asked that he be placed in a cell where the cells on either side were non-smoking. Defendant became angry and refused Plaintiff's request, saying that he was not going to do the paperwork, and that he was going to punish Plaintiff for not moving into cell number 9. Plaintiff was then placed on cell restriction, which provided that Plaintiff could not apply for a non-smoking cell for 90 days. Plaintiff states that Policy Directive 01.03.140 does not require a 90 day waiting period for failure to move into a smoking cell or other area which is surrounded by second-hand smoke. Plaintiff claims that Defendant's conduct violated his rights under the Eighth and Fourteenth Amendments, as well as under state law. Plaintiff seeks damages and declaratory relief.

## II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff claims that Defendant violated his rights under the Eighth Amendment. In order to set forth an Eighth Amendment claim based on exposure to environment tobacco smoke (ETS), Plaintiff must demonstrate that he was exposed to unreasonably high levels of ETS, that there is more than a statistical probability that he will be injured by ETS, and that involuntary exposure to ETS violates contemporary standards of decency. *See Helling v. McKinney*, 509 U.S. 25, 35-36, 113 S. Ct. 2475, 2482 (1993). In addition, Plaintiff must also demonstrate that his exposure to ETS was the result of deliberate indifference on the part of Defendants. *Helling*, 509 U.S. at 36-37, 113 S. Ct. at 2482. Specifically, Plaintiff must show that Defendants "actually knew that [Plaintiff's] exposure to ETS created a substantial risk of harm and that [Defendants] deliberately disregarded that risk by failing to take reasonable measures to abate it." *Montague v. Campbell*, No. 97-5760, 1998 WL 246345, **1 (6th Cir. 1998).

In support of Plaintiff's claim, he offers his grievances and responses, his housing requests, and the affidavits of other prisoners on B Unit. According to the affidavits of prisoners Chris Malone #184037, James Mitchell #277928, and Colley #143352, who reside in B Unit Cell numbers 8, 9, and 10, they are smokers, have never signed a "Tobacco Free Housing" form, and are allowed to possess smoking materials, such as rolling paper and matches. (*See* Plaintiff's Exhibit #3.) However, the response to Plaintiff's step I grievance states:

> Prisoner Ford maintains that he is being denied tobacco free housing. To the contrary, he has been offered tobacco free housing on two occasions to which he has refused. On 04/25/25 he was offered a move to B6 and on 04/28/05 he was offered a move to B9. All B Unit cells are non-smoking. No violations of PD-01.03.140 exist in this case. Prisoner Ford may request tobacco free housing again, 90 days from his last refusal to accept said housing.

(*See* Plaintiff's Exhibit #4.)

In Plaintiff' step II appeal, he states that he was initially offered a move to B8, not B6, and that Defendant decided that he would not move the inmate in B8, so Plaintiff was offered a move to B9. Plaintiff reasserts that B9 is surrounded by smokers. Plaintiff further states in his appeal that "[i]f all B Unit cells are non-smoking, then what is the purpose for moving inmates to non-smoking areas." (*See* Plaintiff's Exhibit #4.) In the step III response to Plaintiff's grievance appeal, respondent Prisoner Affairs Manager Jim Armstrong stated:

> This investigator has reviewed the documents presented with the appeal to Step Three. Policy Directive 01.03.140, Paragraph N does not require a 90-day waiting period for filing another CAH-100. Per Paragraph O of the policy directive, the waiting period only applies to situations where a prisoner was removed from tobacco-free housing for being found at a hearing conducted pursuant to AR 791.3310 to have used or possessed smoking materials in violation of PD-01.03.140 or who is removed from tobacco-free housing upon his request. The Grievant was never placed in tobacco-free housing. He

> rejected his proposed cell assignment before he was placed there. Hence, the 90-day requirement does not apply. MBP was contacted and they have agreed to provide the Grievant with another CAH-100 to complete. Hence, this grievance is considered resolved.

(*See* Plaintiff's Exhibit 4.)

A review of the complaint and the attachments thereto reveals that Plaintiff's allegations do not rise to the level of an Eighth Amendment violation. The undersigned notes that Plaintiff fails to allege any specific facts indicating the level of exposure to ETS, or whether he has any health problems as a result of his exposure. According to the Step I grievance response, B Unit is entirely non-smoking. Furthermore, the fact that other prisoners on B Unit are smokers and allowed to possess smoking materials does not necessitate a finding that they are allowed to smoke in their cells. The undersigned concludes Plaintiff has failed to demonstrate that he was exposed to unreasonably high levels of ETS, that there is more than a statistical probability that he will be injured by ETS, and that involuntary exposure to ETS violates contemporary standards of decency. *Helling*, 509 U.S. at 35-36. Therefore, it is recommended that Plaintiff's Eighth Amendment claim be dismissed.

Plaintiff also claims that Defendant's conduct violated his Fourteenth Amendment due process rights. In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. The Due Process clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not

necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in "life, liberty or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original).

In this case, Plaintiff cannot establish a protected liberty interest in being free from second-hand smoke. *Gorman v. Moody*, 710 F. Supp. 1256 (1989). A plaintiff seeking to allege a procedural due process violation based on a state created liberty interest must not only show it is derived from mandatory language in a regulation, but also that it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 115 S. Ct. at 2300; *Rimmer-Bey*, 62 F.3d at 790-791. Pursuant to *Sandin*, "a liberty interest determination is to be made based on whether it will affect the overall duration of the inmate's sentence, and there is no evidence here that the loss of privileges will impact Plaintiff's sentence." *Jones*, 155 F.3d at 812. The Sixth Circuit has determined that a prisoner's placement in administrative segregation for over a year is not an atypical or significant hardship as to create a liberty interest in due process. *Mackey v. Dyke*, 111 F.3d 460, 461-63 (6th Cir.), *cert. denied*, 522 U.S. 848, 118 S. Ct. 136 (1997). Because Plaintiff in this case fails to allege facts constituting an "atypical and significant hardship," Plaintiff's claim that he was denied procedural due process is without merit.

Plaintiff also claims that Defendant violated his Fourteenth Amendment right to equal protection. Plaintiff asserts that his equal protection rights were violated when he was arbitrarily denied placement in a non-smoking cell. The Equal Protection Clause of the Fourteenth Amendment

provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 312 (1976). Because a fundamental right is not implicated in this case and Plaintiff does not allege that he is a member of a suspect class, he is not entitled to strict scrutiny. Instead, the decision to deny Plaintiff a non-smoking cell need only be rationally related to a legitimate governmental interest. *See United States v. Kras*, 409 U.S. 434, 446 (1973) ; *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).

To prove his equal protection claim, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff in this case fails to allege such facts. Accordingly, Plaintiff's equal protection claim is insufficient to warrant service of his complaint.

To the extent that Plaintiff is claiming his state law rights were violated, it is recommended that this court refuse to exercise pendent jurisdiction over such claims. Claims raising issues of state law are best left to determination by the state courts, particularly in the area of prison administration. In addition, pendent jurisdiction over state law claims cannot be exercised after all federal claims have been dismissed. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727, 86 S.

Ct. 1130, 1139 (1966); *Moon v. Harrison Piping Supply, et al.*, 465 F.3d 719, 728 (6th Cir. 2006);

*Smith v. Freland*, 954 F.2d 343, 348 (6th Cir.), *cert. denied*, 504 U.S. 915, 112 S. Ct. 1954 (1992).

> That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them, *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

*United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727, 86 S. Ct. 1130, 1139 (1966).

### **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g). I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:   January 11, 2007          /s/ Timothy P. Greeley
                                                  TIMOTHY P. GREELEY
                                                  UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).